UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUDVIN EMERSON RODAS-BARIAS,<br><br>             Petitioner,<br><br>       v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MICHAEL KROL, HSI New England Special Agent in Charge; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,<br><br>             Respondents. | CIVIL ACTION<br>NO. 26-12971-WGY |

YOUNG, D.J.                                              July 16, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Ludvin Emerson Rodas-Barias ("Rodas-Barias") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondent's response, Resp. Habeas Pet. ("Resp."), ECF No. 6.

District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023). Since

Rodas-Barias challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Rodas-Barias that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Rodas-Barias poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

[2]

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE